IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORCAS-COTHY KABASELE,<br><br>  Plaintiff,<br><br>  v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., et al.,<br><br>  Defendants. | Case No. 21-cv-07458-MMC<br><br>**ORDER DENYING DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S MOTION TO TRANSFER; VACATING HEARING** |

Before the Court is defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Ulta") Motion to Transfer, filed November 3, 2021. Plaintiff Dorcas-Cothy Kabasele ("Kabasele") has filed opposition, to which Ulta has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 10, 2021, and rules as follows.

By the instant motion, Ulta seeks an order transferring the above-tilted action to the Eastern District of California, in light of the pendency therein of another action filed by Kabasele against Ulta, titled Kabasele v. Ulta Salon, Cosmetics & Fragrance, Inc., Case No. 2:21-CV-01639- WBS-CKD.

At the outset, Ulta relies on the "first-to-file" rule. The "first-to-file" rule "may be invoked when a complaint involving the same parties and issues has already been filed in another district." See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (internal quotation and citation omitted). Where the rule is applicable, the district court in which the second action was filed may "transfer, stay, or dismiss" the second action. See id. at 623.

1   Here, Kabasele and Ulta are parties in both actions, and Kabasele filed her
2   Eastern District action on September 10, 2021 (see Def.s' Req. for Judicial Notice Ex. A
3   at 1),[1] fourteen days before she filed the instant action.  Nonetheless, the Court finds
4   transfer is unwarranted, as the two actions do not raise "substantially similar" issues.
5   See Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240-41
6   (9th Cir. 2015) (holding, for purposes of first-to-file rule, two actions are "substantially
7   similar" where issues presented in second action "substantially overlap" with issues
8   presented in first action).

9   In particular, in the action pending in the Eastern District, Kabasele challenges
10  Ulta's alleged "uniform policy and practice," applicable to all "non-exempt California
11  employees," of "fail[ing] to include commissions, non-discretionary bonuses and other
12  items of compensation when determining . . . non-exempt employees' regular rate of pay"
13  (see Def.'s Req. for Judicial Notice Ex. B ¶ 19), as well as Ulta's alleged failure to provide
14  "compliant meal and rest breaks" to its "non-exempt California [employees]" (see id. Ex.
15  B ¶ 24, see also id. Ex. B ¶¶ 20-23).  In the instant action, by contrast, Kabasele alleges
16  that, during the course of her employment with Ulta in a store located in the Northern
17  District (see Compl. ¶ 9), her supervisor made "racially offensive comments" to her (see
18  Compl. ¶¶ 17, 19-21), and that, after Kabasele "complained" about the supervisor's
19  actions (see Compl. ¶ 22), Kabasele was "terminated" in "retaliation for [her] complaints"
20  (see Compl. ¶¶ 29), issues that Ulta fails to show overlap in any manner, let alone to a
21  substantial extent, with the action pending in the Eastern District.

22  Next, Ulta argues transfer is warranted for "'the convenience of parties and
23  witnesses'" (see Def.'s Mot. at 6:19-21 (citing 28 U.S.C. § 1404(a)).  The Court, however,
24  finds Ulta has not made a  "strong showing of inconvenience."  See Decker Coal Co. v.

---

[1] Ulta's unopposed request that the Court take judicial notice of filings in the Eastern District action is hereby GRANTED.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (holding party seeking transfer has burden of making requisite showing). Indeed, other than noting that Kalabese resides in Oregon and that her attorney's offices are located in the Eastern District, which, Ulta argues, show it would be convenient for Kalabese to litigate the instant action in the Eastern District,[2] Ulta fails to address the factors relevant to a transfer for convenience. See id. (listing factors). For example, Ulta fails to show that any events giving rise to Kalabese's harassment and retaliation claims occurred in the Eastern District, see, e.g., Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (transferring action to Central District of California, where, inter alia, "the events giving rise to plaintiffs' claims occurred in the Central District"), nor has Ulta identified any witnesses, let alone made any showing that, given the location of such witnesses, they would be inconvenienced were the instant action tried in the Northern District, see Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) (noting, "[t]o demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location[,] and describe their testimony and its relevance").

Accordingly, Ulta's motion to transfer is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 7, 2021

MAXINE M. CHESNEY
United States District Judge

---

[2] Ulta also argues Kalabese's choice of forum is not entitled to deference because she does not live in the Northern District. The alleged harassment and retaliatory acts, however, are alleged to have occurred in this District, and, consequently, Kalabese's choice of forum is entitled to deference. Cf. Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (affording only "minimal consideration" to plaintiff's choice of forum where "operative facts [had] not occurred within the forum of original selection").