IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORCAS-COTHY KABASELE,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., et al.,<br><br>Defendants. | Case No. 21-cv-07458-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THIRD CAUSE OF ACTION; VACATING HEARING** |

Before the Court is defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Ulta") Motion, filed October 20, 2021, "to Dismiss Plaintiff's Third Cause of Action in the Complaint." Plaintiff Dorcas-Cothy Kabasele ("Kabasele") has filed opposition, to which Ulta has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 17, 2021, and rules as follows.

Kabasele was formerly employed by Ulta and worked at its "retail store" in San Ramon, California. (See Compl. ¶ 9.) In her complaint, Kabasele asserts three Causes of Action, each alleging a violation of the Fair Employment and Housing Act ("FEHA"). In the First Cause of Action, titled "Violation of Gov. Code § 12940(j) (Harassment)," Kabasele alleges that her supervisor, defendant Janelle Wright ("Wright")[1] (see Compl. ¶ 3) engaged in "unlawful harassment" (see Compl. ¶ 35) on the basis of "race" (see

---

[1] Kabasele has not, to date, filed proof she has served the summons and complaint on Wright.

1  Compl. ¶ 22). In the Second Cause of Action, titled "Violation of Government Code
2  § 12940(h) (Retaliation)," Kabasele alleges that, after she "complained to Ulta's
3  management" about Wright (see Compl. ¶ 22), Ulta "retaliated against Kabasele" (see
4  Compl. ¶ 41). In the Third Cause of Action titled "Violation of Government Code
5  §§ 12940(j)(1), (k)," Kabasele alleges Ulta "failed to prevent the harassment and
6  retaliation." (See Compl. ¶ 47.)

7  As noted, Ulta seeks dismissal of the Third Cause of Action, which claim is based
8  on alleged violations of Government Code §§ 12940(j)(1) and 12940(k). Section
9  12940(j)(1) provides that "[a]n entity shall take all reasonable steps to prevent
10 harassment from occurring." See Cal. Gov't Code § 12940(j)(1). Section 12940(k)
11 provides that it is an unlawful business practice for "an employer . . . to fail to take all
12 reasonable steps necessary to prevent discrimination or harassment from occurring."
13 See Cal. Gov't Code § 12940(k); Taylor v. City of Los Angeles Dep't of Water and Power,
14 144 Cal. App. 4th 1216, 1239-40 (2006) (holding "retaliation" is form of "discrimination"
15 for purposes of § 12940(k)).

16 Ulta first argues that "there is no separate cause of action" for a failure to prevent
17 harassment or retaliation "apart from the underlying harassment or retaliation." (See
18 Def.'s Mot. at 2:5-6.) In support thereof, Ulta relies on cases in which the plaintiff alleged,
19 but then failed to establish, he/she plaintiff was subjected to harassment or
20 discrimination; under such circumstances, a failure to prevent harassment or
21 discrimination claim necessarily fails. See, e.g., Trujillo v. North County Transit District,
22 63 Cal. App. 4th 280, 289 (holding plaintiff cannot establish failure to prevent harassment
23 or discrimination claim without establishing "foundational predicate of harassment or
24 discrimination"). Here, however, Ulta has not challenged the First and Second Causes of
25 Action, and, consequently, Ulta has not shown Kabasele lacks a viable harassment or
26 discrimination claim. See Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 804 (N.D.
27 Cal. 2015) (denying motion to dismiss failure to prevent discrimination claim where
28 plaintiff "adequately pleaded the requisite foundation of discrimination").

Ulta next argues that Kabasele, by seeking damages for harassment and retaliation, as well as damages for the failure to prevent such conduct, "impermissibly seeks duplicative recovery based on the same alleged harm." (See Def.'s Mot. at 3:20-22.)  In support thereof, Ulta relies on the established principle that a plaintiff "is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence."  See Roby v. McKesson Corp., 47 Cal. 4th 686, 702 (2009).  At this early stage of the proceedings, however, Ulta has not shown that the damages Kabasele may seek for acts constituting harassment or retaliation necessarily will duplicate the damages Kabasele may seek for acts constituting a failure to prevent harassment or retaliation.  See id. at 703 (observing a trier of fact could find "each individual act of discrimination leading up to [a] termination inflict[s] a separate emotional injury"; reviewing jury verdict to determine whether three non-economic damages awards "overlapped").

Accordingly, Ulta has not shown the Third Cause of Action is subject to dismissal.

## CONCLUSION

For the reasons stated above, Ulta's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 10, 2021

MAXINE M. CHESNEY
United States District Judge